## COMMONWEALTH vs. MICHAEL McCARRON.

A complaint for selling adulterated milk, in violation of the provisions of Gen. Sts. c. 49, § 151, which, after alleging the official character of the inspector, and that he kept an office and books as required by the statute, charges that the defendant, being a dealer in milk, and being recorded as a dealer in milk "in the books of said inspector," did sell, &c., does not sufficiently show that he was recorded in any such books as the statute requires the inspector to keep.

COMPLAINT made in the police court of the city of Boston, against the defendant, for selling adulterated milk in violation of the provisions of Gen. Sts. c. 49, § 151. The complaint set forth that Henry Faxon " has been, is now and at the time of the commission of the acts hereinafter complained of was duly appointed and qualified as inspector of milk for the city of Boston, in the county of Suffolk; that he the said Faxon has kept and now keeps and at the time of the commission of the acts hereinafter complained of did keep in the said city of Boston an office and books as required by the statute of the Commonwealth in such case made and provided; " and that the defendant, on a day named, at Boston, " with force and arms, being then and there a dealer in milk, and being then and there recorded as a dealer in milk in the books of said inspector, did then and there knowingly sell to one Patrick Howes a certain quantity, to wit, one pint of adulterated milk for the sum of three cents, said milk being then and there adulterated by the admixture of water therewith, and the said McCarron then and there well knowing the same to be so adulterated as aforesaid, against the peace " &c. The defendant, after conviction in the police court, and in the superior court, on appeal, filed a motion in arrest of judgment, which was overruled, and he appealed to this court.

*L. Gray*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. The Gen. Sts. c. 49, §§ 149, 151, require that inspectors of milk shall keep an office, and books for the purpose of recording the names and places of business of all persons engaged in the sale of milk within their limits, and provide that

every person, who, being recorded in the books of an inspector as a dealer in milk, shall knowingly sell or cause to be sold adulterated or unwholesome milk, shall forfeit twenty dollars for each offence.

The complaint, in this case, does not allege, as would have been more proper, if not essential, that the inspector of milk for the city of Boston kept books for the purpose of recording the names and places of business of all persons engaged in the sale of milk in that city, but alleges that he kept in Boston " an office and books, as required by the statute of the Commonwealth in such case made and provided." We doubt whether this is a sufficient allegation. But without deciding that it is insufficient to sustain a judgment on the complaint, we are of opinion that the complaint is fatally defective by reason of the allegation that the defendant was recorded as a dealer of milk, " in the books of said inspector," instead of an allegation that he was recorded in the books *aforesaid*, or in *said* books. As the complaint is drawn, it does not allege that the defendant was recorded, or that his name, &c. were recorded, in any such book or books of the inspector, as the statute requires the inspector to keep.

It is suggested, in support of the complaint, that it is sufficient, because it charges the offence of the defendant in the words of the statute; " being recorded in the books of the inspector." In the statute, doubtless, "the books" mean the books before mentioned, to wit, the books kept for the purpose of recording the names of persons engaged in the sale of milk. But it does not necessarily follow that these words are to be taken to have the same meaning in the complaint which they have in the statute; for the reasons given in *Commonwealth* v. *Bean*, 11 Cush. 414, and *Commonwealth* v. *Bean*, 14 Gray, 52.

*Judgment arrested.**

---

* In two other similar cases at the same term, COMMONWEALTH *vs.* JOHN A. MURDOCK, and COMMONWEALTH *vs.* JOHN McDEVITT, judgment was arrested for the same cause.

*G. Sennott,* for Murdock.

*J. F. Pickering,* for McDevitt.

And see *Commonwealth* v. *O'Donnell,* 1 Allen, 593.